SWEDISH–AMERICAN NATIONAL BANK OF MINNEAPOLIS v. JOSEPH M. DAVIS.[1]

July 1, 1897.

Nos. 10,556—(221).

**Insolvency—Creditor Holding Collateral.**

*Held*, the court below was, on the evidence, warranted in finding that the Swedish-American National Bank brought itself within the conditions laid down in the opinion on the former appeal (64 Minn. 250), and in holding that the bank had fairly and properly exhausted its collateral security by a sale of the judgment rendered for the same, and in approving such sale and allowing the bank to participate in the proceeds of the insolvent estate for the balance of its claim.

**Same—Proof of Claim—Framing Issues.**

When the motion of the bank to be allowed so to participate came on for hearing, the court adjourned the same to a certain time, and ordered it to be heard on evidence such as would be competent on the trial of an action. The parties appeared at the time to which it was adjourned, and the appellant assignee objected to the introduction of the bank's evidence because no issues had been framed. *Held*, conceding, without deciding, that the hearing was the final trial on the merits of a matter involving substantial rights, for which issues should be framed by proper pleadings, the objection came too late, and should have been made when the court ordered the matter adjourned to be heard on competent evidence as aforesaid.

[1] Reported in 72 N. W. 62.

**Same—Realizing on Collateral—Attorney's Fees.**

*Held,* the court did not err in allowing the bank to deduct from the proceeds of the sale of such judgment reasonable attorney's fees necessarily incurred by it in obtaining the judgment.

Appeal by defendant, as assignee of Jacob Skoll, insolvent, from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial, and also from an order permitting plaintiff to participate in the distribution of the insolvent estate. Affirmed.

*Merrick & Merrick,* for appellant.

*A. Ueland,* for respondent.

CANTY, J.

The facts in this case, and the law applicable thereto, were fully laid down in the former opinion. 64 Minn. 250, 66 N. W. 986. The order of the court below allowing the Swedish-American National Bank to participate, on its claim, in the distribution of the estate of the insolvent, was there reversed, and the case remanded. The matter was again heard, the court below again made an order allowing the bank so to participate, and the assignee appeals.

The main question now before the court is whether the bank on the last hearing brought itself within the rules of law laid down in the former opinion. We are of the opinion that the evidence warranted the court below in finding that it did. The court found:

"At the time of the entry of the judgment [against Golden], and for some time prior thereto, the said Isaac Golden was, and ever since that time has been, utterly insolvent. He has had no property during said time upon which the execution could be levied, or subject to such levy, or out of which the judgment, or any part of it, could be collected."

The court further found that on the same day that Skoll himself made his assignment the Northwestern Iron & Metal Company, a partnership of which he was a member, also made an assignment for the benefit of their creditors, under the insolvency law, and that the amount realized from their estate so assigned "will not exceed the cost and expenses of administration. The creditors will not receive anything whatever therefrom."

We are of the opinion that the evidence sustains these findings.

It will be remembered that Golden was the maker, and the metal company the indorser, of the note held by the bank as collateral security for the indebtedness owing to it by Skoll, and the judgment against Golden was recovered on this collateral note, which judgment was subsequently sold by the bank at public auction for $505. If both the maker and indorser of this note were utterly insolvent, it sufficiently appears that the bank exhausted its collateral security fairly and properly by selling the judgment obtained on such note for $505; and the court was justified in approving of such sale, and holding that the bank should be allowed so to participate with other unsecured creditors for the balance of its claim. Under all the circumstances, the court was also justified in finding that the sale of the judgment was conducted in a fair manner, and on sufficient notice.

2. After the case was so remanded the bank made a new motion, supported by affidavits, for leave so to participate. Thereupon the court ordered the motion to be adjourned to a certain time, and further ordered "that said application be heard at the time and place aforesaid upon such competent oral, documentary, and other evidence and such depositions as may be then adduced by the respective parties, the same as upon the trial of an issue of fact in a civil action." The motion was so heard. When the bank proceeded to offer its evidence on such hearing, the assignee objected on the ground that no issues had been framed. He assigns as error the overruling of his objections.

Conceding that this hearing was the final trial on the merits of a matter involving substantial rights, which should be tried on competent evidence, and conceding, without deciding, that before such trial issues should be framed by proper pleadings, still, by failing to ask that issues be so framed, and by failing to object to the order which provided for such trial without the framing of such issues, the assignee waived the objection. It was too late for him to make such objection for the first time on such trial, which was had some five weeks after such order was made.

3. The court below found that the bank paid out as attorney's fees in procuring the judgment against Golden the sum of $151.95, and that this amount was reasonable and was necessarily incurred,

and deducted this sum from the $505 received for the judgment, leaving $353.05 which was deducted from the amount of the bank's claim against Skoll, and the bank was allowed to participate for the balance. Appellant assigns as error the allowance of the $151.95 as attorney's fees.

The creditor holding collateral security may use reasonable efforts to collect the same, and for this purpose may employ an attorney to procure judgment against those liable on such securities, and is entitled to deduct the reasonable expenses incurred in procuring such judgment from the amount collected thereon. Whether or not he should be allowed such expense when the judgment is sold, as in this case, instead of being collected by execution, is a question of fact for the trial court, to be determined on all the facts and circumstances of the case. The court's finding and order as to this expense are not assailed as not being supported by the evidence, and no point is made that the attorney's services in the Golden case did not enhance the value of the security to the amount of the attorney's fees allowed.

This disposes of all the questions raised having any merit, and the order appealed from is affirmed.